Sukhjeet Singh **DHILLON**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–72181.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Sukhjeet Singh Dhillon, Sacramento, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Sukhjeet Singh Dhillon, a native and citizen of India, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying as untimely his motion to reopen proceedings to apply for adjustment of status based on his marriage to a United States citizen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), and we deny in part, and dismiss in part, the petition for review.

The agency did not abuse its discretion by denying Dhillon's motion to reopen because it was untimely and did not satisfy any of the exceptions to the filing deadline set forth in 8 C.F.R. § 1003.23(b)(4). *See* 8 C.F.R. § 1003.23(b)(1) (requiring a motion to reopen before an IJ to be filed within ninety days of the final order of removal).

We do not consider Dhillon's challenge to the IJ's earlier determination regarding

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the merits of his asylum claim because Dhillon failed to exhaust his administrative remedies with regard to this issue when he withdrew his asylum appeal while it was pending with the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Dhillon's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**